J-S12042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ANDREW CHRISTOPHER TEATS, | : | |
| | : | |
| Appellant | : | No. 1437 MDA 2016 |

Appeal from the Judgment of Sentence August 31, 2016
in the Court of Common Pleas of Cumberland County,
Criminal Division, No(s): CP-21-CR-0002469-2015

BEFORE: PANELLA, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED APRIL 13, 2017**

Andrew Christopher Teats ("Teats") appeals from the judgment of sentence imposed following his conviction of unlawful possession of drug paraphernalia.[1] We affirm.

Teats was charged with the above-mentioned crime as a result of a police search of an inoperable vehicle that Teats had parked in a residential neighborhood.[2] Teats filed an omnibus pretrial Motion to suppress the drug paraphernalia obtained by police as a result of the search. The suppression court denied the Motion. Subsequently, Teats waived his right to a jury trial, and moved for a "stipulated trial" wherein the trial court would reach a verdict based on a set of stipulated facts and the transcript of the suppression hearing. On August 23, 2016, the trial court granted Teats's

---

[1] *See* 35 P.S. § 780-113(a)(32).

[2] The vehicle was owned by Teats's father.

Motion, found him guilty of unlawful possession of drug paraphernalia, and sentenced him to one year of probation. Teats filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Teats raises the following issue for our review:

Did the [trial] court err in denying [Teats's] Motion to suppress physical evidence found during a warrantless search of [Teats's] vehicle[,] when there was no probable cause of evidence of a crime being found in the vehicle, nor any other exigent circumstances present to justify a search without a warrant?

Brief for Appellant at 5 (capitalization omitted).

In reviewing the denial of a suppression motion,

[w]e may consider only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. An appellate court, of course, is not bound by the suppression court's conclusions of law.

*Commonwealth v. Arter*, 151 A.3d 149, 153 (Pa. 2016) (citation omitted). In reviewing questions of law, our standard of review is *de novo* and our scope of review is plenary. *Id*.

Teats contends that the police search of the vehicle was unconstitutional because it was conducted without a warrant or probable cause. Brief for Appellant at 9. Teats asserts that he had a reasonably cognizable expectation of privacy in the vehicle because his father gave Teats permission to drive the vehicle, and Teats had paid his father for the

vehicle. *Id*. at 10. Teats claims that the only evidence that police officers had prior to searching the car was (1) a call from concerned homeowners where the vehicle had been left, and their subsequent description of the driver; (2) three flat tires observed on the vehicle; and (3) the fact that the description of the driver did not match the photograph of the individual to whom the vehicle was registered. *Id*. at 11. Teats argues that the police officers "had no knowledge as to anything in [] Teats'[s] vehicle which by law would be subject to seizure and destruction." *Id*. at 11-12. Teats points out that the Commonwealth did not argue that Teats had constitutionally abandoned the vehicle as justification for the search. *Id*. at 13. Teats additionally argues that the initial search was conducted before the vehicle had been impounded, thereby rendering the search illegal. *Id*. at 16. Teats cites to the trial court's suggestion that police officers might have believed that exigent emergency circumstances justified the vehicle search, and contends that there was no evidence Teats needed emergency medical treatment. *See id*. at 18-19 (noting that the homeowners merely described a young man walking away from his vehicle). Teats asserts that the three flat tires on the vehicle did not provide the police with a basis to conclude that an emergency existed. *Id*. at 19. Finally, Teats challenges the trial court's reliance on 75 Pa.C.S.A. § 3746, which (1) imposed upon Teats a duty to report an accident to police, as his vehicle was inoperable; and (2) required police to conduct an investigation. Brief for Appellant at

19-20 (referencing 75 Pa.C.S.A. § 3746(a)(2) and (c)).  Teats claims that, while section 3746(c) authorizes police to conduct an investigation, it does not authorize police "to perform a warrantless search on a legally parked vehicle with no probable cause of a crime, no emergency circumstances, and without properly impounding the vehicle."  Brief for Appellant at 20.

In its Opinion, the trial court addressed Teats's issue, set forth the undisputed facts of record and the relevant law, and determined that the issue lacks merit because the police "not only had probable cause to search the vehicle[,] but also had an investigative duty that was imposed by statute."  **See** Trial Court Opinion, 4/11/16, at 1-4; **see also id**. at 2 (wherein the trial court noted that the police had searched "the unlocked vehicle at the driver's seat to look for identification and found none, looked in the center console and found drug paraphernalia, a pipe, and then looked in the back of the vehicle and found [Teats's] work identification.").  We agree with the reasoning of the trial court, which is supported by the record and free of legal error, and affirm on this basis.  **See id**.

Judgment of sentence affirmed.

Judge Panella joins the memorandum.

Judge Ott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2017

COMMONWEALTH

v.

ANDREW CHRISTOPHER TEATS



County of Cumberland

IN THE COURT OF COMMON PLEAS
OF THE NINTH JUDICIAL DISTRICT

CP-21-CR-2469-2015

**IN RE: DEFENDANT'S OMNIBUS PRE-TRIAL MOTION**

## OPINION AND ORDER OF COURT

### PROCEDURAL HISTORY

Defendant filed an Omnibus Pre-trial Motion that requests suppression of evidence for want of probable cause in the search of a vehicle by the Carlisle Borough Police Department. Defendant has been charged with a count of unlawful possession of drug paraphernalia, an ungraded misdemeanor.

### FINDING OF FACTS

Facts from hearing on August 7, 2015:

1. A Carlisle Borough Police Department Police Officer (Officer) responded to the area of 582 F Street for suspicious activity that had been reported by a neighborhood resident.[1]

---

[1] F Street is part of the lettered streets that were developed north and west of the now former C.H. Masland & Sons properties and consists mainly of single family homes, mostly ranch style. B Street is the only letter street thoroughfare that connects directly with other points of travel into or out of Carlisle.

2. A homeowner called the police and reported that a white male had left a vehicle in front of a neighborhood home and that the individual who got out of the vehicle was not known to the neighborhood.

3. The homeowner reported that the individual operating the vehicle was a young, twentyish, white male with long "afro" hair.

4. At the scene, Officer determined that the vehicle had three flat tires, which rendered the vehicle inoperable.

5. The police ran the registration information and determined that the registered owner did not match the operator description given to them by the homeowner.

6. Officer went into the unlocked vehicle at the driver's seat to look for identification and found none, looked in the center console and found drug paraphernalia, a pipe, and then looked in the back of the vehicle and found work identification.

7. Officer obtained driver's license photo of Defendant based on the work identification, and confirmed with the homeowner that Defendant was the individual who had abandoned the vehicle.

8. Officer had the disabled vehicle towed, where it was more thoroughly searched.

9. Defendant testified that the vehicle, a 1998 Ford Mustang, was a car he had purchased from his Father; however, it was still in his Father's name and he was operating it with permission.

2

## DISCUSSION

*Applicable law.* The driver of the vehicle involved in an accident shall give notice to the police if the accident involves "damage to any vehicle involved to the extent that it cannot be driven under its own power in its customary manner without further damage or hazard to the vehicle." 75 Pa.C.S. § 3746(a)(2). Further, every accident reported shall be investigated by a police officer. 75 Pa.C.S. § 3746(c).

The police may remove to a place of safety, any vehicle found upon a highway where "the person or persons in charge of the vehicle are physically unable to provide for the custody or removal of the vehicle". 75 Pa.C.S. § 3352(c)(2). If abandonment did occur, there is a loss of standing to challenge the legality of these search and seizures. *United States v. Moody*, 485 F.2d 531, 533 (3d Cir. 1973).

*Application of law to the facts.* While it is unknown if Defendant was seeking to avoid arrest, abandon incriminating evidence, or left the neighborhood to seek repairs for a recently damaged vehicle without a police report, the application of the law to the facts herein clearly indicates that the police, in the performance of their sworn duties, not only had probable cause to search the vehicle but also an investigative duty that was imposed by statute. Indeed, had Defendant done as required by statute, by notice to police of the disabling incident, which simultaneously took the air out of his three tires, the need for the police to further investigate ownership of the vehicle would have been rendered moot; however, because Defendant shirked his operator responsibilities in his failure to report, the police did not and could not shirk in their duties.[2] Therefore, the search of the vehicle was lawful for the above stated reasons, which would have been lawful had the police simply impounded the vehicle and done an inventory.

---

[2] If the damaged vehicle had been reported, the police may have found Defendant under the influence or to be the victim of criminal mischief, among many possibilities. It was not, so this is all speculation.

3

The reliance by defense on *Commonwealth v. Caban*, 60 A.3d 120 (Pa.Super. 2012) is specious, as the case *sub judice* does not involve a police encounter with persons in a vehicle, but rather an incident investigation into a reported disabled vehicle left in a neighborhood, which made a non-law enforcement community resident concerned enough about the circumstances of the vehicle's abandonment and the individual's exodus to call the police.

## ORDER OF COURT

**AND NOW**, this **11th day of April 2016**, upon consideration of Defendant's Omnibus Pre-trial Motion and following a hearing thereon, the Motion to Suppress Evidence is **DENIED**.

By the Court,

Thomas A. Placey          C.P.J.

Distribution:
Jonathan R. Birbeck
Chief Deputy District Attorney

F. Clay Merris, IV.
Senior Public Defender